STATE EX REL. WEST v. WEST

[115 N.C. App. 496 (1994)]

STATE OF NORTH CAROLINA, EX REL, ALFRED WEST, JR., PLAINTIFF V. LINDA G. WEST, DEFENDANT

No. 9330DC223

(Filed 5 July 1994)

### Indians § 7 (NCI4th)— child support—jurisdiction of tribal court and state court

The state court had subject matter jurisdiction to consider an action by the State, which provided AFDC benefits, to establish and collect present and future child support in a case involving a father and child who were Cherokee Indians residing on the reservation even though the tribal court had held that defendant mother was not liable for child support.

### Am Jur 2d, Indians § 63.

Appeal by the State from order entered 30 September 1992 by Judge Danny E. Davis in Swain County District Court. Heard in the Court of Appeals 8 December 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Byron Smith and Associate Attorney General Sybil Mann, for the State.*

*Graham Duls for defendant.*

*Haire, Bridgers & Spiro, P.A., by Ben Oshel Bridgers, for Eastern Band of Cherokee Indians, amicus curiae.*

LEWIS, Judge.

As in the companion case of *Jackson County ex rel. Smoker v. Smoker*, No. 9330DC289 (N.C. App. July 5, 1994), this case concerns the issue of concurrent jurisdiction between our state courts and the Court of Indian Offenses of the Eastern Band of Cherokee Indians (hereinafter "the tribal court"). Alfred West, a member of the Eastern Band of Cherokee Indians, and Linda West, a non-Indian, both reside on the reservation. On 20 July 1990, Alfred West and Linda West entered into a separation agreement which gave custody of their minor child, who is also a member of the tribe, to Alfred. The Wests agreed to share child support. On 20 September 1990 Alfred West filed for Aid to Families with Dependent Children (hereinafter "AFDC"), and received AFDC benefits from October 1990 to June 1991, when he became eligible for Social Security Disability benefits for himself and the child. Alfred West received a total of $2,061.00 in AFDC benefits.

On 17 May 1991 Linda West filed an action in the tribal court seeking custody of her child. She later dismissed the custody action and proceeded only on the issue of visitation. On 17 June 1991 Alfred West answered the complaint and counterclaimed for reasonable child support.

On 26 August 1991 the state Child Support Enforcement Agency (hereinafter "the State") filed an action on behalf of Alfred West against Linda West in state district court seeking the establishment of a reasonable amount for child support and reimbursement for past public assistance paid to Alfred West. *See* N.C.G.S. § 110-135 (1991) (acceptance of benefits creates a debt to the State in the amount of public assistance paid); N.C.G.S. § 110-137 (1991) (by accepting benefits, recipient assigns to the State his or her right to child support, and the State becomes subrogated to the recipient's right to initiate an action for child support); N.C.G.S. § 110-138 (1991) (State has a duty to take appropriate action to ensure that child support is paid by a responsible parent). On 4 November 1991 Linda West answered the complaint and prayed for a dismissal of the State's action pending the outcome of the tribal court action. [r5] On 17 December 1991 the tribal court entered a judgment which granted an absolute divorce to the parties, awarded Alfred West custody, denied visitation to Linda West, and relieved Linda West of any obligation to support the child.

On 28 January 1992, Linda West again moved for dismissal of the state court action, or transfer of the action to the tribal court, or that full faith and credit be given to the judgment entered in the tribal court. The state court entered two separate orders, one addressing current support and one addressing reimbursement for past public assistance. On 5 March 1992, signed 9 April 1992, the court ordered Linda West to pay current child support in the amount of $127 per month and then suspended the order in light of the Social Security payments already being received by the child. On 23 March 1992 the court entered an order in open court, signed 1 April 1992, stating that the parties had agreed that Linda West would reimburse the State for $1,030 for past public assistance paid, at the rate of $45 per month. On 13 July 1992, signed 12 August 1992, the court granted a new trial on the issue of current child support.

On 19 August 1992 Linda West moved for dismissal of the State's action for current child support, or transfer of the action to the tribal court, or for full faith and credit to be granted to the order of the tribal court. On 30 September 1992, as corrected 10 December 1992,

the state court dismissed the action on the basis that the state and tribal courts had concurrent jurisdiction, that the tribal court had exercised jurisdiction first, and that the tribal court continued to exercise jurisdiction. The State now appeals from the dismissal of its state court action.

Although the State presents arguments regarding the issue of its action for reimbursement, we note at the outset that there is a valid order requiring Linda West to reimburse the State in the amount of $1,030. Nothing in the record indicates that that order has been vacated, appealed from, or otherwise disturbed. It is, therefore, res judicata on the issue of reimbursement for public assistance. The only issue before us is whether the state court had jurisdiction to consider an action to establish and collect present and future child support.

For the reasons stated in *Smoker*, we find that the state court has subject matter jurisdiction over the State's action for the establishment of child support. We note that in *Smoker*, both parents and the child are Cherokee. Here, although Mr. West and the child are Cherokee, Mrs. West is not. Even with this slight variation, the analysis in *Smoker* is applicable here. We therefore reverse and remand for further proceedings.

Reversed and remanded.

Judges ORR and JOHN concur.